JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Farida Baig, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | No. CV15-08963-RGK (ASx) |
| Edmun Brown, et. al., DEFENDANT(S) | ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS* |

IT IS ORDERED that the Request to Proceed *In Forma Pauperis* is hereby GRANTED.

_____        _____
Date                                            United States Magistrate Judge

**IT IS RECOMMENDED** that the Request to Proceed *In Forma Pauperis* be DENIED for the following reason(s):

☒ Inadequate showing of indigency            ☒ District Court lacks jurisdiction
☐ Legally and/or factually patently frivolous    ☐ Immunity as to _____
☐ Other: _____

Comments:
see attachment

November 23, 2015                    /s/ Alka Sagar
Date                                          United States Magistrate Judge

IT IS ORDERED that the Request to Proceed *In Forma Pauperis* is hereby:

☐ GRANTED
☒ DENIED (see comments above). IT IS FURTHER ORDERED that this case is hereby DISMISSED.

NOV 2 4 2015                                  /s/ Gary Klausner
Date                                                   United States District Judge

CV-73 (12/14)                    ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS*

## ATTACHMENT TO FORM CV73
### Farida Baig v. Edmund G. Brown, et. al.,
Case No. CV 15-08963-RGK (ASx)

Plaintiff Farida Baig seeks leave to file a complaint without prepayment of fees. (See Request to Proceed In Forma Pauperis ("IFP Requests"), filed on November 18, 2015). Under 28 U.S.C. § 1915, a person submitting an application to proceed in forma pauperis must include a statement that describes all of his or her assets demonstrating that the person is unable to pay the court costs and fees. See 28 U.S.C. § 1915(a)(1); see also Local Rule 5-2 ("An action to be filed *in forma pauperis* shall be accompanied by a motion, with supporting declaration. The declaration shall set forth information sufficient to establish that the movant will be unable to pay the fees and costs or give security therefor." (italics in original)). A district court "shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue[.]" 28 U.S.C. § 1915(e)(2)(A); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.").

Under the circumstances, the Court is persuaded that Plaintiff should be denied leave to proceed in forma pauperis. As an initial matter, Plaintiff fails to make an adequate showing of indigency. In Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331 (1948), the Supreme Court explained that persons are permitted to proceed in forma pauperis to prevent the abandonment of "what may be a meritorious claim in order to spare [themselves] complete destitution." Id. at 340. "[A]n affidavit [to proceed in forma pauperis] is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." Id. at 339 (internal quotation marks omitted). The Court's filing fee for a civil case is $350. Plaintiff's IFP Request indicates that during the past twelve months, she has received monthly income from employment, after taxes, of $3,200, in addition to other income of bi-monthly payments of $230 for child support and a $17,000 school loan from Wells Fargo. Moreover, Plaintiff failed to check an answer to question number 2(d), which requires plaintiff to disclose the receipt, within the past twelve months, of gifts or inheritances. In response to question number five, Plaintiff reported that the last tax return she filed, for the year 2014, reflected income of $51,478. (See IFP Request, Questions 2, 4-5). As Plaintiff's income is well above the poverty line, the Court finds that she can pay court costs and filing fees without impacting her ability to provide for the necessities of life. See Annual Update of the HHS Poverty Guidelines, 79 Fed. Reg. 3593 (U.S. Dept. of Health & Human Servs. 2015) (indicating that the poverty level for 2015 for a one-person household is $11,770).

Moreover, the complaint fails to explain the basis for any federal jurisdiction over plaintiff's allegations for declaratory and injunctive relief. Plaintiff has not alleged a constitutional deprivation or the requisite state action for a civil rights claim or stated any facts to establish jurisdiction. The Court therefore lacks jurisdiction over plaintiff's complaint.